[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR RELIEF FROM ABUSE
On March 17, 1992 the applicant mother, Ann Marie Garcia filed an ex parte application for relief from abuse on behalf of her minor son, David Joseph Garcia, born June 4, 1989. The complaint was directed against the respondent father, Glenn Garcia, and alleged that he had sexually assaulted their son. The ex parte application was granted on March 17, 1992 and an adversarial hearing was scheduled and commenced on March 30, 1992. The hearing was completed on September 4, 1992. A major cause for the delay was the completion of a Child Sexual Abuse Evaluation Program and Final Report by the Child Sexual Abuse Clinic at Yale New Haven Hospital.
During the course of this hearing the court heard testimony from the mother, Anna Marie Garcia, the child's pediatrician, Dr. Jay Esposito, the child's psychiatrist, Dr. Lazaro Pomeraniec, the maternal grandparents, Susan and Anthony Venerusso, a friend of the maternal grandparents, Domenica Pettinelli and Diane Pelazza, a pediatric social worker concentrating on child sexual abuse cases at Yale New Haven Hospital. The respondent father, Glenn Garcia and the paternal grandparents also testified.
In the ordinary civil case a party satisfies his burden of proof if the evidence considered fairly and impartially induces in the mind of the trier a reasonable belief that it is more CT Page 8999 probable than otherwise that the fact or issue is true. This burden is sometimes expressed as "proof by a fair preponderance of the evidence." It is the evidence that is superior and more likely to be in accord with the facts. It is the better or weightier evidence. It is the more credible evidence. The quality of the evidence controls, not the quantity. Where the evidence is equally balanced or in equipoise, then the proponent has not met his burden of persuasion. Further, a party does not meet his burden merely because his evidence is uncontested or uncontroverted because the trier, as the judge of credibility, may believe or disbelieve any evidence presented.
The court has also observed the witnesses as they testified and has noted their demeanor, expressions, interest in the matter, bias, candor, sincerity, and the other indices of truthfulness and credibility. The court will not at this time recount and recite the evidence presented by the various witnesses.
The court has carefully considered all of the evidence presented by the opposing parties and finds that the mother has sustained her requisite burden of proof and credibility in connection with her claims.
The court orders that the parties adopt the recommendations contained in the Yale New Haven Hospital Child Sexual Abuse Evaluation Program Final Report dated June 24, 1992.
The welfare of the child is the paramount consideration of this court.
BALLEN, JUDGE